### NELSON v. LLOYD MFG. CO. et al.

(Circuit Court of Appeals, Sixth Circuit. May 9, 1919.)

#### No. 3206.

1. PATENTS ⬥328—VALIDITY—TANK HEATER.
    The Nelson patent, No. 836,526, for a tank heater, *held* void for anticipation and lack of invention.

2. COSTS ⬥13—DISCRETION OF COURT IN EQUITY.
    Costs in equity cases are within the sound discretion of the court.

Appeal from the District Court of the United States for the Northern Division of the Western District of Michigan; Clarence W. Sessions, Judge.

Suit in equity by Nels M. Nelson against the Lloyd Manufacturing Company and Ira W. Rowell. Decree for defendants, and complainant appeals. Affirmed.

C. B. Gillson and Louis K. Gillson, both of Chicago, Ill., for appellant.

Arthur Wm. Nelson and Wallace R. Lane, both of Chicago, Ill., for appellees.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. Action for infringement of patent No. 836,526, issued to Nels M. Nelson, November 20, 1906, for a tank heater. Under stipulation the complaint of infringement was confined to claim 2. This

claim was held invalid and the bill was dismissed for want of equity. Nelson appeals.

[1] The patented device is described in the specification thus:

"The invention relates to a heating stove adapted to be placed in tanks of water for the purpose of warming their contents and being particularly useful for warming the supply of drinking water provided for live stock."

Our consideration of the patent in suit in connection with related patents of the prior art, particularly those commented on in the opinion below, convinces us that Judge Sessions was right in concluding that the claim relied on was void for anticipation and lack of invention. We approve also the reasons upon which this conclusion was based. The opinion of the trial judge is consequently adopted and set out below.

[2] We may add that error is assigned to the overruling of a motion made by appellant under equity rule 58 to require appellee, Lloyd Manufacturing Company, to reimburse him for the expense he incurred in taking certain depositions. The object was to show that the Lloyd Company had falsely denied responsibility for the publication of a particular newspaper article. The reason for denying the motion is stated in the last paragraph of the District Judge's opinion. The recovery thus sought is at last but part of the costs accruing in the case. The rule is that costs in equity cases are within the sound discretion of the court, and we cannot say, under the facts disclosed, that denial of the motion amounted to an abuse of discretion. Du Bois v. Kirk, 158 U. S. 58, 67, 15 Sup. Ct. 729, 39 L. Ed. 895; Wagner v. Meccano Limited, 246 Fed. 603, 609, 158 C. C. A. 573 (C. C. A. 6).

The decree is affirmed.

SESSIONS, District Judge. A most careful and painstaking examination of this record, including the documentary and mechanical exhibits, compels the conclusion that Nelson has not taken even the short advance step which sometimes constitutes patentable invention and hence that his patent is invalid. The field was crowded when he entered it. The second claim of the patent is the only one here in controversy and the combination of elements therein set forth, so far as it is not a mere aggregation, was completely anticipated by devices upon which patents had been granted to others.

In his specification, Nelson thus sets forth the object of his invention:

"The invention has for its object to provide a heater of this class of simple and durable construction, efficient in operation and presenting a convenient opening for obtaining access to its interior for attending the fire or removing ashes.

"A detail of the invention provides a fire grate of improved construction for supporting a fire of wood, charcoal, or other solid fuel within the body of the heater in such a manner that it may be removed intact when it is necessary to clean the interior of the heater."

Claim 2 of the patent is in the following language:

"In a tank heater having a horizontal body section and a fire section inclined upwardly therefrom, in combination, a fire grate in basket form, means for removably securing the fire grate within the upwardly inclined fire section, and a flue leading out of the body section."

It thus appears that the essential elements of the claim are (1) a horizontal body section; (2) a fire section inclined upwardly therefrom (the two sections being combined); (3) a fire grate within the fire section; (4) means for removably securing the fire grate within the fire section; and (5) a flue leading out of the body section. The invention, if any, does not reside in the mere form of the fire grate, nor in the angle of upward inclination of

the fire section. If these unessential matters of form be disregarded, Nelson's specification fairly described and his claim 2 literally reads upon several patented structures found in the prior art and designed and intended to accomplish the purpose and object sought by him.

Hamilton (patent No. 721,368, issued February 24, 1903) shows a structure which is aptly described by the language found in Nelson's specification: "The device takes, therefore, a U-shape, the fire for heating being in one leg of the U and the draft therefrom down through the horizontal portion and out at the other leg." Hamilton says:

"A further object is to so construct said heater that any desired fuel, such as wood or coal, may be used therewith, while the ashes may be removed therefrom without interfering with the burning of the fuel. * * * Within said tank [water tank] is placed my improved heater, which consists of a bent or elbow-shaped structure having a main body c [Nelson fire section] * * * and a subsidiary portion d [Nelson body section] connecting therewith and forming a part thereof, the two being arranged to converge, as shown, at any desired angle to each other, the converging portion extending to, at or near the bottom of the tank, while the extremities extend upwardly and project outwardly therefrom. * * * The part c (fire section) is provided with a hinged cover e, having suitable perforations f therein to provide a draft for said heater, while upon the outer end of the part d [body section] is placed a removable cover g. * * * Connecting with the part d [body section] and extending vertically therefrom is a smoke pipe h [Nelson flue] which may be of any desired length. * * * In Fig. 3, I have shown a construction adapted for burning coal. Within the part c [fire section], near the bottom and preferably above the part d [body section], I attach a support or ledge i [Nelson means for removably securing the fire grate within the upwardly inclined fire section] upon which is placed a removable grate j [Nelson fire grate, necessarily with openings to form down shaft]."

A more complete anticipation of Nelson's device, in form, construction, purpose and claimed combination of elements could scarcely be conceived.

Just (patent No. 395,980, issued January 8, 1889) shows a structure comparable, in all essential respects, with that of Nelson. In his specification Just says: "When it is desired to heat water in shallow troughs [an advantage specially urged by plaintiff] we prefer to construct the apparatus as shown in Fig. 4 of the drawings, wherein is represented a horizontal cylindrical body portion, A [body section], from one end of which projects an upwardly and outwardly inclined similarly made feeding end portion, B [fire section]. To the upper side of the body portion A, at the opposite end thereof, is applied the smokestack H [flue]."

The specification calls for a removable grate supported upon suitable legs within the fire pot or heater, and also for a removable cover, with damper opening therein, for the fire pot or heater. Just does not definitely locate his fire grate within and across the upwardly inclined section of his heater illustrated in Fig. 4 of the drawings, but impliedly he does so locate the grate, because the fire heater section is the one provided with a cover and damper opening. At any rate, to so locate the fire grate would not constitute invention.

In Wedean (patent No. 713,821, issued November 18, 1902) a heater is shown which is substantially like that of Nelson in all respects, except that the fire section is vertical instead of inclined and the down draft is through the sides instead of the bottom of the fire basket. The operation of the Wedean heater is identical with that of the Nelson structure. No patentable difference exists.

The heater illustrated and described in Cardarelli patent, No. 506,810, issued October 17, 1893, closely approaches Nelson's device, but differs therefrom in that the fire grate does not extend entirely across the fire section and the fire section is not provided with a cover. It may well be doubted that a modification of the Cardarelli structure in these respects would constitute patentable invention.

None of the patents above mentioned, except the one to Hamilton, was cited upon Nelson in the Patent Office proceedings. This fact greatly weakens the presumption ordinarily arising from the issuance of a patent.

If claim 2 of the Nelson patent could be sustained, no debatable doubt would exist as to defendants' infringement. Their heater is none the less sectional because the sections thereof are connected by permanent welding instead of detachable joints.

Defendants' counterclaim is not of such character that it can be litigated in a suit in equity and the damages, if any, determined in an accounting.

Plaintiff's motion for costs upon the taking of depositions will be denied. If interrogatory No. 16 be so narrowed as to distinguish it from interrogatory No. 20, objection to which was sustained, the answer to the former, while unsatisfactory, was not so evasive as to call for the imposition of a penalty.

A decree will be entered, dismissing plaintiff's bill of complaint, with costs to the defendants to be taxed.